**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ABRAHAM DIMAS, JR., #2109323,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-006-B-BK** |
| | § | **(Criminal Case No. 3:14-CR-367-B-45)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this habeas action was referred to the United States magistrate judge.  Petitioner, a state prisoner, filed a *28 U.S.C. § 2255 Federal Habeas Corpus Petition for Transfer Back to Federal Custody as Federal Court Retains "Primary Jurisdiction."* Doc. 2.  Upon review of the relevant pleadings and applicable law, it is recommended that this action be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

On December 3, 2015, Petitioner pled guilty to possession of a controlled substance with intent to distribute and, on September 8, 2016, was sentenced to 168 months' imprisonment and a three-year term of supervised release.  *United States v. Dimas*, 3:14-CR-367-B-(45) (N.D. Tex. Sep. 9, 2016).  The judgment provided that the prison term be served concurrently with any term of imprisonment imposed in Dallas County case number F-1523844, and consecutive to any prison terms imposed in Dallas County case number F-1548053 and Tom Green County case number MA1500090.  Crim. Doc. 2900 at 2.  Subsequently, on December 22, 2016, Petitioner was sentenced to imprisonment terms of 15 years' and 180 days' in Dallas County case numbers F-1523844 and F-1548053, respectively, and is currently serving those sentences within the

Texas Department of Criminal Justice (TDCJ).[1]  By this action, Petitioner requests to be transferred back to federal custody to serve his 168-month federal sentence.  He claims that "the federal conviction retains 'primary jurisdiction' over an inmate who is serving federal time, despite the inmate's transfer to state custody."  Doc. 2 at 2.   He requests the Court to issue "a writ of habeas corpus ad prosequendum bringing [him] back to federal custody where he can continue serving his federal sentence."  Doc. 2 at 3.

## II. ANALYSIS

"Section 2255 provides the primary means of 'collaterally attacking a federal sentence,' and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'"  *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (quoted cases omitted).  Relief under 28 U.S.C. § 2241, on the other hand, "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'"  *Id.* at 426 (quoted case omitted)

Here, because Petitioner does not seek to challenge his federal conviction and sentence, but only its execution, his claims are not cognizable under section 2255.  Therefore, his section 2255 motion should be summarily dismissed without prejudice.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing for summary dismissal "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief").

Even if Petitioner's section 2255 motion is construed to raise a claim under section 2241, this Court lacks jurisdiction to consider it.  Although Petitioner was sentenced on his federal case in this Court, any section 2241 action must be brought in the district in which he is confined.  *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding sentencing court lacked jurisdiction

---

[1] The state docket sheets are available at http://courtecom.dallascounty.org/publicaccess/ (last visited Jan. 3, 2018).

over section 2241 petition because petitioner was not incarcerated within that district, and remanding case with instructions to dismiss without prejudice). Petitioner is confined a the Lychner State Jail in Humble, Texas, which lies within the boundaries of the United States District Court for the Southern District of Texas, Houston Division.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** January 13, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE